786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALLEN ANTHONY TERRY, Plaintiff-Appellee, Cross-Appellant,
v.
HONORABLE OLGA PEERS, et al., Defendant-Appellant, Cross-Appellee.
 85-5076, 85-5077
 United States Court of Appeals, Sixth Circuit.
 2/21/86
 
 E.D.Ky.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: MERRITT and CONTIE, Circuit Judges; and RUBIN, Chief District Judge.*
 Per Curiam.
 
 
 1
 Defendants appeal the grant in part of the relief requested in this habeas corpus action. Plaintiff, Allen Anthony Terry cross-appeals the denial in part of the relief requested. For the reasons set forth in this opinion, we affirm the district court.
 
 I.
 
 2
 A Kentucky jury found Terry guilty of wanton murder, of assault in the first degree and of being a persistent felon. On Appeal, the Supreme Court of Kentucky reversed the wanton murder conviction and remanded for retrial on intentional murder. The court held that there was no evidence that Terry's behavior was wanton rather than intentional and that the jury instructions given in the alternative for intentional or wanton murder, deprived Terry of his rights to a unanimous jury verdict. The court did not discuss Terry's assault or persistent felon convictions. (Terry I).
 
 
 3
 As a result of the state's intention to retry him for intentional murder, Terry sought a writ of prohibition in state court contending that retrial was barred by the double jeopardy clause. The Kentucky Supreme Court affirmed the denial of the writ and issued an opinion clarifying its position in Terry I. The court in Terry II directed the lower court not to instruct the jury on wanton murder on retrial. The court reasoned that giving an incorrect jury instruction was an error in the proceedings which led to conviction. However, since Terry's conviction was reversed due to trial error, retrial on the intentional murder charge was appropriate.
 
 
 4
 Subsequently, Terry filed a habeas petition in the United States District Court for the Eastern District of Kentucky. Terry contended that retrial on the murder charge was barred by the doctrine of double jeopardy and that he had been acquitted of the assault conviction because the Supreme Court of Kentucky had indicated that he had acted in self-defense as a matter of law. The court granted the habeas petition in part holding that because of the language of the jury instruction, when the jury convicted Terry of wanton murder it implicitly acquitted him of intentional murder. The district court rejected Terry's claim regarding the assault charge finding that the Kentucky Supreme Court had not reversed that conviction.
 
 II.
 
 5
 The double jeopardy clause of the Fifth Amendment[1] 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense.' North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Therefore, Terry's retrial for intentional murder is barred if the jury's finding of guilt on wanton murder amounted to an acquittal of intentional murder. We agree with the district court that there was such an implicit acquittal. The jury instructions clearly stated the alternatives in the disjunctive.[2] The trial court submitted to the jury separate verdict forms with blank spaces for guilty and not guilty for all charges. The jury marked only the verdict form for wanton murder, leaving the others blank.
 
 
 6
 Failure to convict in and of itself does not terminate the original jeopardy. See Richardson v. United States, 104 S. Ct. 3081 (1984) (failure of jury to reach verdict on remaining counts after acquitting defendant of one count did not terminate original jeopardy as to remaining counts). However, charges may be merely alternative theories within the same definition, which are mutually exclusive so that a single act may be committed with either an intentional or a wanton state of mind. If so, conviction on one charge implies acquittal on the other. See Green v. United States, 355 U.S. 184 190-91 (1954); see also Garrett v. United States, 105 S. Ct. 2407 (1985) (if legislature intended that defendant could be convicted under either statutory provision for a single act but not both, subsequent prosecution after conviction of one is barred as to the other).
 
 
 7
 The defendant in Green was charged with both first degree murder, (killing during commission of arson) and second degree murder (killing with malice aforethought). The jury found Green guilty of second degree murder but the verdict was silent on the charge of first degree murder. On Appeal, the second degree murder conviction was reversed as not supported by the evidence and remanded for new trial on first degree murder. The Supreme Court overturned Green's conviction for first degree murder on the ground that retrial on that charge was barred by the double jeopardy doctrine. The Court found that the jury had implicitly acquitted Green of the charge by its silence and noted that:
 
 
 8
 [T]he result in this case need not rest alone on the assumption, which we believe legitimate, that the jury for one reason or another acquitted Green of murder in the first degree. For here, the jury was dismissed without returning any express verdict on that charge and without Green's consent. Yet it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so. Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense. Wade v. Hunter, 336 U.S. 684. In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: 'We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree.'
 
 
 9
 Green, 355 U.S. at 190-91.
 
 
 10
 In so holding, the Court noted that its decision would be the same if the defendant had been charged in separate but alternative counts of the indictment rather than under one count. Id. at 190 n.10. The present case presents that situation. Terry was charged under different sections of the same statute for the single act of killing the victim.[3] Each section describes an alternative state of mind such that a defendant could be possessed of one frame of mind or the other, but not both. It is immaterial whether one is a lesser included offense of the other because defendant's former jeopardy does not rest on his conviction of wanton murder, rather it rests on the jury's refusal to find him quilty of intentional murder. See Green, 355 U.S. at 194 n.14.
 
 
 11
 The Supreme Court has held that a judgment of acquittal under Fed. R. Crim. P. 29, even though based on an erroneous foundation, is an unreviewable acquittal for purposes of double jeopardy. United States v. Martin Linen Supply Co. 430 U.S. 564 (1977). The Court in Martin Linen Supply stated that:
 
 
 12
 what constitutes an 'acquittal' is not to be controlled by the form of the judge's action. (Citations omitted). Rather, we must determine whether the ruling of the judge (or jury), whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charges.
 
 
 13
 Id. at 571. The intentional murder charge was before the jury at Terry's trial. The jury was presented with the facts relevant to that charge and yet it refused to convict Terry of intentional murder. It can only be concluded that the jury resolved the facts pertinent to the intentional murder charge in favor of Terry and thereby acquitted him. The double jeopardy clause prohibits a defendant from being subjected to a second trial after an acquittal at his first. Arizona v. Rumsey, 104 S.Ct. 2305, 2311 (1984).
 
 III.
 
 14
 The Court also finds that the district courts was correct in rejecting Terry's claim that he had been acquitted of the assault conviction. Terry contends that the Kentucky Supreme Court opinion in Terry I constitutes a general reversal for insufficient evidence of both the murder conviction and the assault conviction which precludes retrial due to double jeopardy. However, the Kentucky Supreme Court in Terry I did not address the assault charge. It dealt only with the sufficiency of evidence for the wanton murder conviction. Therefore, Terry's assault conviction was never reversed and he is not entitled to a new trial on the assault charge nor has the double jeopardy clause been violated as to the assault charge.
 
 
 15
 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.
 
 
 16
 Rubin, Chief District Judge, dissenting.
 
 
 17
 It is with substantial reluctance that I must voice a dissent to the decision of the majority. Three capable and experienced judges have not held that the petitioner cannot be tried for murder. There can be an 'arrogance of dissent' where the dissenter seeks to establish that he alone has the wisdom to perceive the proper approach. This dissent does not so assert.
 
 
 18
 The Double Jeopardy clause of the Fifth Amendment protects against retrial for the same offense after acquittal, and against retrial for the same offense after a conviction is reversed for insufficient evidence. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Terry was not acquitted of intentional murder and his conviction for wanton murder was set aside by the Kentucky Supreme Court solely because of an error in the instruction. That Court stated:
 
 
 19
 Alternative instructions are proper . . . however the state of the record here did not allow any room for inference that the shooting was anything but intentional.
 
 
 20
 Terry v. Commonwealth, No. 81-SC-701-MR, Memorandum Opinion at 2 (December 14, 1982).
 
 
 21
 In a subsequent opinion by the Supreme Court of Kentucky issued June 14, 1984 that court made it clear that it had reversed the conviction not for an evidentiary insufficiency, but because of a trial error 'to wit, an improper instruction on wanton murder'. Terry v. Commonwealth, No. 81-SC-701-MR, Memorandum Opinion at 3 (June 14, 1984) The court concluded its findings with the statement, 'Terry may be retried for murder in Jefferson Circuit Court in conformity with this opinion.' Id. at 4.
 
 
 22
 The legislature of the Commonwealth of Kentucky has created an offense of 'intentional murder', K.R.S. 507.020(1)(a), and the offense of 'wanton murder', K.R.S. 507.020(1)(b). The majority holds that Terry may not be retried for intentional murder because Terry's conviction by the jury of wanton murder was an implicit acquittal of intentional murder. Failure to convict does not necessarily terminate the original jeopardy. Richardson v. United States, 104 S.Ct. 3081 (1984) (failure of jury to reach verdict on remaining counts after acquitting defendant of one count did not terminate original jeopardy as to remaining counts).
 
 
 23
 Whatever else may be said, the end result is this: Mary Woods, who was alive on the 15th of December, 1979, was shot and killed by the intentional act of Allen Anthony Terry. He was convicted by a jury of wanton murder. Because of a trial judge's error in the proceedings, the Supreme Court of Kentucky reversed that conviction and returned the matter for trial on the offense of intentional murder. Two courts later it is now held that Allen Anthony Terry cannot be tried for any offense against Mary Woods.[4] It is clear that this was not the intention of the legislature of Kentucky in passing subsections (a) and (b) of K.R.S. 507.020. It is also clear that this was not the intention of the Supreme Court of Kentucky when it considered this matter twice.
 
 
 24
 In a totally different context the late Justice Benjamin Cordozo distilled in a single sentence the incongruity in a system where '[t]he criminal is to go free because the constable blundered.' People v. Defore, 242 N.W. 13, 21, 150 N.E. 585, 587 (1914). The road that began with the violent killing of one human being should not end judicially with the perpetrator unpunished and unpunishable. Since I am unwilling to subscribe to that termination, I must respectfully dissent.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 U. S. Constitution Amendment V. provides in relevant part: '[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb.'
 
 
 [2]
 At trial the jury was instructed:
 You may find the defendant, Allen Anthony Terry, not guilty or you may find him guilty of the following offenses. (1) Murder, as in instruction NO. 1; OR Murder as in instruction No. 2; OR Manslaughter in the first degree, as in instruction No. 3; OR Manslaughter in the second degree, as in instruction NO. 5. (Emphasis in the original.)
 
 
 [3]
 Defendant was charged under K.R.S. 507.020(1)(a) which provides:
 (1) A person is guilty of murder when:
 (a) With intent to cause the death of another person, he causes the death of such person or of a third person; except that in any prosecution a person shall not be guilty under this subsection if he acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be. However, nothing contained in this section shall constitute a defense to a prosecution for or preclude a conviction of manslaughter in the first degree or any other crime; or
 (b) Under the circumstances manifesting extreme indifference to human life, he wantonly engages in conduct which creates a grave risk of death to another person and thereby causes the death of another person.
 (2) Murder is a capital offense.
 
 
 [4]
 It is correct that Terry has been convicted of assault and that conviction stands. The assault, however, was not against Mary Woods, but against Felix Woods